UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:04-CR-362 JCM (LRL |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| WILLIAM LAURIX, | |
| Defendant(s). | |

Presently before the court is petitioner William Laurix's abridged motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 22).

Also before the court is petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (ECF No. 23). The government filed a response (ECF No. 26), to which petitioner replied (ECF No. 28).

Also before the court is the government's motion for leave to advise the court of new authority. (ECF No. 29). Petitioner filed a response. (ECF No. 30). The government has not filed a reply, and the time for doing so has since passed.

**I.     Facts**

On September 8, 2004, the government brought an indictment charging the petitioner with three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and three counts of use of a firearm during a crime of violence ("use of a firearm"). (ECF No. 1). On November 10, 2004, petitioner pleaded guilty to three counts of armed bank robbery (counts one, three, and five), and one count of use of a firearm (count six). (ECF No. 12).

On February 7, 2005, the court sentenced petitioner to 70 months imprisonment for the armed bank robbery convictions and 84 months imprisonment for the § 924(c) conviction, with

1  the latter conviction to run consecutive.  (ECF No. 15).  The court entered the judgment on

2  February 18, 2005.  (ECF No. 17).  Petitioner is currently on supervised release.  (ECF No. 23).

3        In his instant motion, petitioner moves to vacate pursuant to *Johnson v. United States*, 135

4  S. Ct. 2551 (2015) ("*Johnson*"), and requests that the court resentence petitioner.[1]  (ECF No. 23).

5  **II.    Legal Standard**

6        Federal prisoners "may move . . . to vacate, set aside or correct [their] sentence" if the court

7  imposed the sentence "in violation of the Constitution or laws of the United States . . . ."  28 U.S.C.

8  § 2255(a).  Relief pursuant to § 2255 should be granted only where "a fundamental defect" caused

9  "a complete miscarriage of justice."  *Davis v. United States*, 417 U.S. 333, 345 (1974); *see also*

10  *Hill v. United States*, 368 U.S. 424, 428 (1962).

11        Limitations on § 2255 motions are based on the fact that the movant "already has had a fair

12  opportunity to present his federal claims to a federal forum," whether or not he took advantage of

13  the opportunity.  *United States v. Frady*, 456 U.S. 152, 164 (1982).  Section 2255 "is not designed

14  to provide criminal defendants multiple opportunities to challenge their sentence."  *United States*

15  *v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

16  **III.    Discussion**

17        In the instant motion, petitioner requests that the court vacate his allegedly erroneous

18  conviction pursuant to *Johnson*.  (ECF No. 61).  In particular, petitioner argues that his conviction

19  violates the Constitution's guarantee of due process.

20        In *Johnson*, the United States Supreme Court held the residual clause in the definition of a

21  "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"),

22  to be unconstitutionally vague.  135 S. Ct. at 2557.  The ACCA defines "violent felony" as any

23  crime punishable by imprisonment for a term exceeding one year, that:

24        (i) has as an element the use, attempted use, or threatened use of physical force
        against the person of another; or

25

26

27  ───────────────

28        [1]  Petitioner requests that the court "1) terminate [petitioner's] supervised release term; or 2) modify [petitioner's] supervised release term to allow him to relocate to a nursing home capable of handling his medical issues in Las Vegas, Nevada."  (ECF No. 23).

**James C. Mahan**
**U.S. District Judge**

(ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another***.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The emphasized above is known as the ACCA's "residual clause." *Johnson*, 135 S. Ct. at 2555–56. The Court held that "increasing a defendant's sentence under the clause denies due process of law." *Id*. at 2557.

Petitioner asserts that his conviction is not subject to the provisions of § 924(c)(3) because his underlying conviction (armed federal bank robbery) does not constitute a "crime of violence." (ECF No. 23 at 12). Petitioner argues that his sentence is unconstitutional under *Johnson* because *Johnson*'s holding applies equally to the residual clause in § 924(c). (ECF No. 23 at 19). Petitioner asserts that armed bank robbery cannot constitute a crime of violence without relying on the residual clause. *Id*. The court disagrees.

Subsection (3) of § 924(c) defines the term "crime of violence" as an offense that is a felony and—

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

To sustain a conviction for the offense of armed bank robbery, the government must prove either the defendant assaulted another person by the use of a dangerous weapon or device, or that he put another person's life in jeopardy by the use of the dangerous weapon or device. *See* Modern Fed. Jury Instructions 53-14. Section 2113(d) reads:

Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(d).

Petitioner argues that armed federal bank robbery under § 2113(d) cannot categorically fall under the force clause of § 924(c)(3)(A) because "assaulting another person by the use of a dangerous weapon does not require the threat or use of violent physical force." (ECF No. 23 at 16). Further, petitioner asserts that "putting another person's life in jeopardy by the use of a dangerous weapon or device does not require an 1) intentional threat 2) of violent physical force." *Id*.

Prior to the Supreme Court's holding in *Johnson*, Ninth Circuit caselaw discussing § 2113(a) held that armed bank robbery under the statute constituted a crime of violence. *See United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000) (citing 18 U.S.C. § 2113(a)) ("Armed bank robbery qualifies as a crime of violence because one of the elements of the offense is a taking 'by force and violence, or by intimidation.'"); *see also United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) ("We therefore hold that persons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1."). Petitioner asks the court to revisit this question in light of *Johnson*.

In 2016, the Ninth Circuit was confronted with essentially the same argument that petitioner raises here, that "because Hobbs Act robbery may also be accomplished by putting someone in 'fear of injury,' 18 U.S.C. § 1951(b), it does not necessarily involve 'the use, attempted use, or threatened use of physical force,' 18 U.S.C. § 924(c)(3)(A)." *United States v. Howard*, 650 Fed App'x. 466, 468 (9th Cir. 2016). The court held that Hobbs Act robbery[2] nonetheless qualified as a crime of violence under the force clause:

> [Petitioner's] arguments are unpersuasive and are foreclosed by *United States v. Selfa*, 918 F.2d 749 (9th Cir.1990). In *Selfa*, we held that the analogous federal bank robbery statute, which may be violated by "force and violence, or by intimidation," 18 U.S.C. § 2113(a) (emphasis added), qualifies as a crime of violence under U.S.S.G. § 4B1.2, which uses the nearly identical definition of "crime of violence" as § 924(c). *Selfa*, 918 F.2d at 751. We explained that "intimidation" means willfully "to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm," which satisfies the requirement of a "threatened use of physical force" under § 4B1.2. *Id.* (emphasis

_____

[2] The court in *Howard* analogized Hobbs Act robbery to § 2113. *See id.*

added) (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). Because bank robbery by "intimidation"—which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of "fear of injury" also qualifies as crime of violence.

650 Fed. App'x. at 468.

Since *Howard*, at least four courts in this district have held that § 2113 robbery is a crime of violence under the force clause.[3] *See United States v. Wesley*, 241 F. Supp. 3d 1140, 1145 (D. Nev. 2017) (Hicks, J.); *United States v. Ali*, no. 2:06-cr-00160-APG-RJJ, 2017 WL 3319115, at *2, *2 n.9 (D. Nev. Aug. 3, 2017) (collecting cases from the District of Nevada and other districts); *United States v. Tellez*, no. 2:02-cr-00279-JAD-VCF, 2017 WL 2192975, at *2-3 (D. Nev. May 18, 2017); *United States v. Loper*, 2:14-cr-00321-GMN-NJK, 2016 WL 4528959, at *2 (D. Nev. Aug. 29, 2016).

The court holds that armed robbery in violation of § 2113(a) and (d) constitutes a crime of violence under § 924(c)(3)'s force clause. Under the elements set forth in the language of § 2113(a) and (d), petitioner's underlying felony offense (armed bank robbery) is a "crime of violence" because the offense has, "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); *see Wesley*, 241 F. Supp. 3d at 1145. Therefore, *Johnson* is inapplicable here because petitioner's sentence does not rest on the residual clause of § 924(c).

In light of the foregoing, petitioner has failed to show that his sentence is unconstitutional under *Johnson* or otherwise. Accordingly, the court will deny petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

## IV.    Certificate of appealability

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

---

[3] In addition, two courts in this district have found that "Hobbs Act robbery is categorically a crime of violence under the force clause." *United States v. Mendoza*, no. 2:16-cr-00324-LRH-GWF, 2017 WL 2200912, at *2 (D. Nev. May 19, 2017); *see United States v. Barrows*, no. 2:13-cr-00185-MMD-VCF, 2016 WL 4010023 (D. Nev. July 25, 2016).

(a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)

(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253.

Under § 2253, the court may issue a certificate of appealability only when a movant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that movant is not entitled to relief under § 2255

debatable, wrong, or deserving of encouragement to proceed further. *See id.* Accordingly, the court declines to issue a certificate of appealability.

**V.      Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's abridged motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 22) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 23) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the government's motion for leave to advise the court of new authority (ECF No. 29) be, and the same hereby is, GRANTED.

DATED May 22, 2018.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**